Richard **PALMER** and Mariette Palmer, Appellants,

v.

**ST. LOUIS COUNTY, Missouri, Automobile Club of Missouri, the Priory of St. Mary and St. Louis, and Lindberg-Warson Properties, Inc., Respondents.**

No. 39912.

Missouri Court of Appeals, Eastern District.

Oct. 16, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1979.

Application to Transfer Denied Jan. 15, 1980.

Husch, Eppenberg, Donohue, Elson & Cornfeld, Shulamith Simon, St. Louis, for appellants.

Robert H. Grant, Thomas W. Wehrle, Clayton, Robert Schlafly, Frederick M. Switzer, Edgar Boedeker, St. Louis, for respondents.

SMITH, Judge.

Plaintiffs appeal from a judgment in a court tried case denying them relief on their petition seeking a declaratory judgment and injunction. They sought a declaration that an ordinance of St. Louis County rezoning a tract of land was invalid, and an injunction to prevent St. Louis County from proceeding to consider a final development plan for the rezoned property. We affirm.

The property in question is located in St. Louis County on the north side of the north outer road paralleling Highway 40 and 450 feet east of Mason Road. The land is owned by The Priory which has contracted

to sell it to the Automobile Club and Lindberg-Warson Properties for development as a commercial office complex. The land contains approximately 30 acres and was, prior to the ordinance in question, zoned mostly non-urban and partially R–1 (residential). The ordinance in question rezoned the land to C–8–Planned Commercial District.

Plaintiffs own and reside in a house located on Greenwich Green Lane, a short-dead-end residential street running north from Clayton Road and located west of Mason Road. Plaintiffs' property is from 1.2 to 1.5 miles from the rezoned property in an area zoned non-urban. Because of the distance and topographical features, plaintiffs at their home have neither audio nor visual contact with the rezoned property. There are several other commercial developments closer to plaintiffs' property than the rezoned property, at least one (the Kellwood complex) is within sight. There are several large commercial developments and several large institutional developments along the strip of Highway 40 between Ballas Road and Olive Street Road and very few single family residential units.

■ The initial question presented on this appeal is whether plaintiffs have standing to challenge the rezoning. We conclude, as did the trial court, that they do not. Whether dealing with a legislative zoning decision as here, or an administrative one, the test of standing is essentially the same. *Allen v. Coffel*, 488 S.W.2d 671 (Mo.App.1972) [2–4]. In the case of an administrative decision the party must be aggrieved (Sec. 89.110 R.S.Mo.1978); in the case of a legislative determination there must be a justiciable controversy. *Allen v. Coffel, supra.* In either case the party seeking relief must demonstrate a specific and legally cognizable interest in the subject matter of the administrative or legislative decision and that he has been directly and substantially affected thereby *Strickelber v. Board of Zoning Adjustment*, 442 S.W.2d 134 (Mo.App.1969) [2]; *Allen v. Coffel, supra.* While the protectible interest required for standing may be less than a legal wrong, the decision must act directly on an interest of the person who claims standing distinctly from the effect on the general public. *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904 (Mo.App.1978) [17]. It is the essence of zoning procedure that the general interests of the public are to be protected by the legislative body or agency. That obligation and authority has been granted to them by the state legislature, and the requirement of standing subserves the legislative purpose in insulating their actions from capricious attack. *State ex rel. Schneider v. Stewart, supra*, [21, 22]. To permit each member of the public who disagrees with such a decision to seek judicial review would effectively destroy the legislative and administrative zoning structure.

■ Plaintiffs contend that the rezoning will cause them financial damages because it will depreciate the value of their property. The trial court on conflicting evidence found specifically that no financial damage would be caused. The burden on that issue was upon the plaintiffs. *Schweig v. City of St. Louis*, 569 S.W.2d 215 (Mo.App.1978) [6, 7]. Under our limited scope of review we conclude that the trial court's findings are supported by evidence. We find no error in the finding.

■ The trial court also failed to find any special aesthetic or environmental damage to plaintiffs. This is again supported by the evidence. Plaintiffs cannot see the rezoned property, or hear noises emanating therefrom. The only complaint which can be said to be supported by the record is that the development may cause some increased traffic problems for people using Highway 40 and Mason Rd. This is an "injury" common to the general population not only of St. Louis County but in view of the interstate nature of Highway 40, of the country as a whole. Such matters are to be considered by the legislative body in making its decision to rezone. Disagreement with its conclusion that such injury is not sufficient to prevent rezoning does not create standing to challenge that determination. Plaintiffs cite *Coalition of the Environment v. Volpe*, 504 F.2d 156 (8 Cir. 1974) to support

standing on this issue alone. We are not bound by the grants of standing given to litigants in federal courts. *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, l.c. 262 Ftnt. 8, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). We do not find *Volpe, supra*, compatible with the law of Missouri on the issue of standing.

█ Plaintiffs also argue that inasmuch as they are located in a non-urban zone as is the rezoned property (prior to rezoning) they have standing under *Kellog v. Joint Council of Women's Auxiliaries Welfare Association*, 265 S.W.2d 374 (Mo.1954). It is true that certain language appears therein indicating standing may be based upon residence within the same zoned district. However, that case involved an attempt to enforce an existing zoning code to enjoin a prohibited use and was brought directly against the offending landowner. It did not involve a change in zoning by a legislative body as is involved here. More importantly the plaintiffs therein resided in properties in the same block, contiguous to or across the street from the defendant's property. Such proximity has been recognized as bestowing standing. *State ex rel. Housing Authority of St. Louis County v. Wind*, 337 S.W.2d 554 (Mo.App.1960) [2, 3]; *Allen v. Coffel, supra*, [5]; *Eyerman v. Mercantile Trust Co.*, 524 S.W.2d 210 (Mo.App.1975). Plaintiffs property is at least 1.2 miles from the rezoned site. We find no authority for upholding standing based solely upon proximity where the separation is this great and we decline to create such authority. We find *Kellog, supra*, distinguishable. While both properties are in a non-urban zone, that zoning category is an amorphous one designed predominately as a "holding" classification. It is also apparent that in the large geographical area near the land in question the majority of the land is in the non-urban classification which allows many uses not normally associated with a strictly residential area.[1] The classification does not carry with it the type of restrictions or limited usage which would cause a purchaser to expect a solely residential environment.

The evidence fails to establish that plaintiffs have standing to seek the relief they seek and the trial court's finding to that effect is fully supported by the evidence. In view of our finding on this issue it is unnecessary for us to reach the remaining points raised.

Judgment affirmed.

SNYDER, P. J., and PUDLOWSKI, J., concur.

---

1. For instance: Farms, dairy farms, plant nurseries, golf courses, sawmills, grain storage, blacksmiths, house trailer parks, airports, rifle ranges, sanitary landfills and incinerators, penal institutions, stadiums, kennels and riding stables, sewage treatment facilities, and hospitals.