PER CURIAM:
 

 This case involves the Internal Revenue Service’s attempts to collect taxes from the recipient of a delinquent taxpayer's fraudulent conveyance. The district court found for the Service, and we affirm.
 

 I.
 

 FACTS
 

 Jerome Swanson (the taxpayer) operated a bookkeeping and tax preparation business in Illinois from 1965 to 1979. On August 31, 1979, the taxpayer transferred his bookkeeping practice and the bulk of its assets to Kathy B. Enterprises, Inc. (Kathy B.), the appellant. Kathy B. sells medical equipment and appliances. Until this transaction, Kathy B. had never engaged in the accounting business. The district court found, and appellant does not contest, that the transfer left the taxpayer insolvent and defrauded his creditors. The day after the initial transfer, Kathy B. sold the business to an accounting firm in Davenport, Iowa. The sale provided for installment payments to Kathy B. The sole stockholder of Kathy B., Kathy Brooke, now lives in Arizona with the taxpayer, who conducts his accounting business through Kathy B.
 

 On May 12, 1980, the IRS assessed back taxes for 1976 and 1977 against the taxpayer in the amount of $20,277.02. On June 11, 1982, the taxpayer filed bankruptcy. On November 26, 1984, the bankruptcy court granted him a discharge from the taxes.
 

 While the bankruptcy was proceeding, the IRS tried to satisfy the tax debt by seizing the proceeds Kathy B. was receiving for the sale of the taxpayer’s business. To do this, the IRS levied against Kathy B.’s Arizona bank and against the accounting firm that purchased the business. The IRS argued that it could collect the taxes in this manner because the transfer had been fraudulent under Illinois law. Kathy B. filed suit in federal district court to enjoin the IRS’s collection efforts. Strangely enough, no party suggested that these collection proceedings be consolidated with the bankruptcy proceeding. Nor does it appear that Kathy B. invoked the automatic stay in its attempts to evade the IRS’s collection efforts.
 

 The district court found for the IRS. Kathy B. appeals on two grounds. First, it argues that the bankruptcy court’s discharge of the taxpayer’s liability for the taxes also discharges the liability that fraudulent transferees of the taxpayer had for that debt under state law. Second, it argues that the IRS’s collection efforts violate the automatic stay, 11 U.S.C. § 362(a).
 

 II.
 

 ANALYSIS
 

 A.
 
 Effect of Discharge of Taxpayer
 

 Section 524(e) of the Bankruptcy Code provides:
 

 Except as provided in subsection (a)(3) of this section [dealing with claims against community property], discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt.
 

 11 U.S.C. § 524(e).
 

 The language of this section is clear and appears to dispose of Kathy B.’s claim. But Kathy B. claims that this section applies only to cases in which “the other entity” had a direct contractual relationship with the creditor, such as guarantor of the discharged debt. It points out that there is no reference in the legislative history to a situation such as this one, where no link between the third party and the “other entity” exists other than that based on a state law invalidating fraudulent conveyances.
 

 The government’s position is more persuasive. Section 16 of the old Bankruptcy Act provided:
 

 The liability of a person who is a co-debt- or with or guarantor or in any manner a
 
 *1415
 
 surety for, a bankrupt shall not be altered by the discharge of a bankrupt.
 

 Ch. 541, 30 Stat. 544, 550 (1898).
 

 When Congress passed the comprehensive Bankruptcy Code in 1978, it replaced this provision — which listed three specific exemptions from discharge — with expansive language denying “any other entity” a discharge of the debt. It is hard to view this change as anything but a legislative mandate further to constrict the effect of a discharge.
 

 Kathy B. cites no case authority in support of its position. The legislative history it relies on is ambiguous and taken out of context.
 
 See
 
 Brief for the Appellee at 17. We see no reason to infer an exception to clear statutory language for the benefit of recipients of fraudulent conveyances. We affirm the district court on this issue.
 

 B.
 
 Automatic Stay
 

 Kathy B. also contends that the automatic stay (which became effective when the taxpayer filed a bankruptcy petition) precluded the IRS’s collection actions. The government responds that Kathy B. did not raise this issue below. Kathy B. maintains that it did, but fails to cite evidence in the record on appeal. Our independent review of the record establishes that the issue was not raised in the pretrial order,
 
 see
 
 Excerpt of Record at 35-36, the district court’s opinion,
 
 see id.
 
 at 46-52, or the plaintiff’s motion for new trial,
 
 see id.
 
 at 55-56.
 

 In this circuit, “[i]ssues not raised below will generally not be considered on appeal,” although a court “may exercise [its] discretion to hear such an issue in some narrow circumstances.”
 
 Grauvogel v. Commissioner,
 
 768 F.2d 1087, 1090 (9th Cir.1985) (citations omitted). This is not an appropriate case to hear an issue not raised below. The bankruptcy proceedings are over. Even if the government’s actions did violate the stay, it will be permitted to pursue collection actions now. Moreover, the debtor certainly cannot argue that the IRS’s actions outside the bankruptcy proceedings allowed one creditor to “get the jump” on other creditors. If the IRS’s collection efforts had undermined the taxpayer’s ability to reorder his affairs in bankruptcy peaceably, no doubt someone would have invoked the stay during the two-year course of the litigation below. This was not done. We refuse at this point to entertain appellant’s claim.
 

 AFFIRMED.