STATE ex rel. Louisa HARVEY, Relator,

v.

Honorable Lee E. WELLS, Judge, Circuit Court, Jackson County, Respondent.

No. 79601.

Supreme Court of Missouri,
En Banc.

Oct. 21, 1997.

Robert K. Ball, II, Kansas City, for relator.

Lee M. Baty, Karen H. Weber, Kansas City, for respondent.

PRICE, Judge.

In his answer to plaintiff Louisa Harvey's personal injury lawsuit, defendant Jerry Baja included as an affirmative defense an allegation that plaintiffs' injuries were "caused or contributed to ... by [Plaintiffs'] own negligence or fault...." The trial court refused to order Baja to make this allegation more definite by requiring him to assert the facts that support it. The alternative writ of mandamus is made peremptory.

## I.

Louisa Harvey sued Jerry Baja claiming that he was negligent in his maintenance of an apartment building, resulting in a fire and explosion causing Harvey and her two daughters personal injury. Baja asserted contributory negligence as an affirmative defense, pleading:

" [D]efendant affirmatively states that if plaintiffs sustained any injuries and/or damages as alleged in plaintiffs' Petition ... [they] were caused or contributed to be caused by plaintiff Louisa Harvey's own negligence or fault...."

Harvey challenged this affirmative defense by a motion to make more definite pursuant to Rule 55.27(d), arguing that Baja's plea of general contributory negligence was insufficient to allow her to prepare for trial and, thus, did not comply with Rule 55.08.[1] The trial court overruled the motion, adding the following proviso:

" However, if Plaintiffs' are unable to ascertain the bases for the defenses asserted by Defendant in the aforesaid paragraphs after discovery relevant to the issues raised in the above-described motion has been completed, then Plaintiffs may once again move to have the aforesaid paragraphs made more definite and certain."

It was conceded during oral argument that Baja's pleading failed to comply with Rule 55.08.

## II.

■ The Missouri rules of civil procedure require fact pleading. Rule 55.08 provides: "A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *See Luethans v. Washington University*, 894 S.W.2d 169, 171–172 (Mo. banc 1995); *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1993); *Walker v. Kansas City Star Co.*, 406 S.W.2d 44, 54 (Mo.1966) (*quoting Johnson v. Flex–O–Lite Mfg. Corp.*, 314 S.W.2d 75, 79 (Mo.1958)).

■ The proper remedy when a party fails to sufficiently plead the facts is a motion for more definite statement pursuant to Rule 55.27(d). Rule 55.27(d) provides:

" A party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

Rule 55.27(d) clearly requires entry of an order that the offending pleading be amended within a period of time. While the trial court is allowed discretion regarding the amount of time within which the pleading must be amended, and the appropriate sanction in the event the pleading is not amended, the trial court is not allowed the discretion to ignore the fact pleading requirement of Rule 55.08.

## III.

■ Had Harvey failed to file a motion for more definite statement, then Baja's general plea of contributory negligence would have been sufficient, as Harvey would have waived her right to complain of its definiteness. *Picarella v. Great Atl. & Pac. Tea Co.*, 316 S.W.2d 642, 646 (Mo.App.1958). *See also Allen v. St. Louis–San Francisco R.R.*, 297 S.W.2d 483, 486 (Mo.1956). Harvey's timely filing of her Rule 55.27(d) motion, however, raised the issue of Baja's general plea of contributory negligence.

■ The order entered by the trial court was inadequate. First, it shifted the burden from Baja to Harvey regarding the adequacy of Baja's pleading. Second, it left undefined for purposes of discovery and trial the facts that would be at issue, precisely the situation fact pleading is designed to avoid.

Baja relies primarily upon *Kornberg v. Getz Exterminators*, 341 S.W.2d 819 (Mo.

---

1. Harvey also challenged the allegation to the extent that it sought to impute the negligence of the mother to her two daughters. *See Graeff v.*

*Baptist Temple*, 576 S.W.2d 291 (Mo. banc 1978). The trial court sustained this motion, and it is not at issue here.

1961), for the proposition that "the law does not require the impossible." In *Kornberg*, this Court reversed a trial court's dismissal of a claim after ordering plaintiffs to make their claim more definite in five days. That case is obviously correct on its facts because plaintiffs could not have discovered the specifics of their claim in that short time period. *Kornberg* should not be read, however, as authority for the proposition that a plea of general negligence will survive a motion for more definite statement.

We acknowledge that early in a lawsuit a party may not know all of the facts necessary to frame his or her pleadings for trial. In such cases an allegation may be made upon a party's reasonable "knowledge, information, and belief." *See*, Rule 55.03(b). Alternatively, when an allegation of general negligence is challenged, Rule 55.27(d) provides the trial court discretion to allow a party sufficient time to discover the facts necessary to support a proper pleading. When exercising this discretion, the trial courts must, however, be sensitive to the reasons that Missouri remains a fact pleading state. Modern litigation is too expensive in time and money to be allowed to proceed upon mere speculation or bluff. Unnecessary expense should be eliminated by requiring parties, as early as possible, to abandon claims or defenses that have no basis in fact.

A writ of mandamus will lie "to compel a court to do that which it is obligated by law to do...." *State ex rel. Schnuck Markets, Inc. v. Koehr*, 859 S.W.2d 696, 698 (Mo. banc 1993). Rule 55.27(d) required the trial court to order Baja to make his general claim of contributory negligence more definite within a reasonable amount of time. Accordingly, we order Respondent to set aside his order of December 23, 1996, and enter an order sustaining the motion for a more definite statement and fixing a time, as required by Rule 55.27, within which the more definite statement shall be filed.

All concur.