John DWYER, Plaintiff–Appellant,

v.

MERAMEC VENTURE ASSOCIATES, L.L.C., et al., Defendants–Respondents.

No. ED 80173.

Missouri Court of Appeals, Eastern District, Division Four.

May 7, 2002.

Henry F. Luepke, St. Louis, MO, for appellant.

Stuart C. Mullgardt, II, St. Charles, MO, J. Vincent Keady Jr., Clayton, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The plaintiff judgment creditor, John Dwyer, appeals from the trial court's grant of summary judgment in his suit charging a fraudulent conveyance by his judgment debtor, Thomas Maurer, to various transferees, Meramec Venture Associates, L.L.C. (Venture), Meramec Valley Plaza, Inc. (Plaza), and Quest of Quietude, Inc. (Quest).[1] We hold the defendants are not entitled to judgment as a matter of law based on their assertion that the underlying debt was discharged in bankruptcy.

---

1. At the outset, we note that although the trial court granted the joint motion to dismiss, we must convert such motion to a motion for summary judgment because the court considered matters outside the petition, namely the bankruptcy proceeding. Rule 55.27(a). Further, while we recognize that the defendants did not raise in their answers the discharge in bankruptcy as an affirmative defense, the bankruptcy defense was raised in the defendants' motion for summary judgment. Rule 55.33(a) allows a party to amend a pleading by leave of court, which shall be granted freely when justice so requires. Moreover, the trial court is vested with broad discretion to grant a party leave to amend its answer and it is an abuse of discretion to not grant such leave when justice so requires. *See Thummel v. Krewson*, 764 S.W.2d 700, 706 (Mo.App. S.D.1989). Because we find it would be an abuse of discretion to refuse to allow the defendants to amend their answers to include the discharge in bankruptcy defense, we find the defense sufficiently raised. *See Rose v. City of Riverside*, 827 S.W.2d 737 (Mo.App. W.D.1992).

We also reject defendant Quest's argument that the creditor's fraudulent conveyance action failed to state a claim upon which relief could be granted because a transfer by Plaza, the debtor's alter ego, is not a transfer by the debtor. We reverse and remand.

We review the record in the light most favorable to the creditor. In December 1992, the creditor obtained a judgment against the debtor. In his collection efforts, the creditor discovered that the debtor's principal asset was corporate stock in Plaza, which in turn owned three valuable parcels of land. However, the debtor refused to disclose his stock ownership. Instead, in January 1997, he executed a general warranty deed conveying the parcels from Plaza to Industrial Electric Supply and Motor Repair, Inc., the predecessor-in-interest of Quest and backdated the deed to June 1995. That same day, the debtor had Quest execute a second warranty deed conveying the parcels to Venture, a company owned by the debtor's son. Neither Quest nor Venture paid the reasonably equivalent value for the parcels.

After learning of the debtor's transfers, the creditor filed suit alleging a fraudulent conveyance. In his petition, the creditor alleges that the debtor's principal asset was the stock ownership in Plaza, that Plaza is nothing more than the debtor's alter ego, and that debtor had at all relevant times complete control and domination over Plaza's finances, policy, and business practices such that Plaza had no separate mind, will, or existence of its own.

Before the creditor's case could be heard, the debtor filed for bankruptcy protection, which stayed the fraudulent conveyance action. The creditor was therefore forced to obtain an order lifting the bankruptcy stay, thereby permitting the creditor to proceed with his action. The debtor later received a discharge in bankruptcy. Based upon the discharge, the trial court dismissed the creditor's fraudulent conveyance action. According to the court, the fraudulent conveyance petition seeks relief that is precluded by the bankruptcy judgment, because the debt owed by the debtor was discharged in bankruptcy. The creditor filed this timely appeal.

We are governed by the standard of review set forth in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo.1993). We will review the record in the light most favorable to the party against whom the judgment was entered. *Id., citing Zafft v. Eli Lilly,* 676 S.W.2d 241, 244 (Mo. banc 1984). And we accord the non-movant the benefit of all reasonable inferences from the record. *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993). With this standard in mind, we turn to the creditor's claim on appeal.

The creditor urges that the trial court erred in granting summary judgment to defendants because the debtor's discharge in bankruptcy only releases his personal liability for the debt, but does not shield the debtor's fraudulent transferees from collection efforts. The defendants, however, contend that the debtor's bankruptcy action properly discharged the debt, and therefore the creditor's petition for fraudulent conveyance is barred by the bankruptcy court's judgment and discharge. We agree with the creditor's argument and reject the defendants' argument, and accordingly reverse the grant of summary judgment.

In the context of this case, the question presented is whether the debtor's discharge in bankruptcy prevents the creditor from collecting his debt from the fraudulent transferees of the parcels, namely Plaza, Venture, and Quest. Thus, it is neces-

sary to determine whether the debtor's discharge in bankruptcy discharges the fraudulent transferees as well. We hold that it does not.

■ Although Missouri courts have not addressed the issue of whether a judgment creditor is precluded from pursuing a fraudulent transfer action against the judgment debtor's fraudulent transferees, the issue has been addressed by federal bankruptcy statute as well as federal and state courts. According to 11 U.S.C. section 524(e), the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." And in accordance with such statutory language, the courts that have addressed this issue have clearly held that a judgment creditor is not precluded from pursuing a fraudulent transfer action against the debtor's fraudulent transferees. *Kathy B. Enterprises, Inc. v. United States*, 779 F.2d 1413 (9th Cir.1986); *Craft v. United States*, 65 F.Supp.2d 651 (W.D.Mich.1999); *Casey National Bank v. Roan*, 282 Ill.App.3d 55, 218 Ill.Dec. 124, 668 N.E.2d 608 (1996); *Citizens Bank of Massachusetts v. Callahan*, 38 Mass.App.Ct. 702, 653 N.E.2d 600 (1995); *Clark v. Bank of Bentonville*, 308 Ark. 241, 824 S.W.2d 358 (1992); *Dixon v. Bennett*, 72 Md.App. 620, 531 A.2d 1318 (1987). To the contrary, a discharge in bankruptcy destroys the remedy, but not the indebtedness. *Zavelo v. Reeves*, 227 U.S. 625, 629, 33 S.Ct. 365, 57 L.Ed. 676 (1913). This is the case because a discharge in bankruptcy is personal in nature, and therefore extinguishes only personal liability. *Craft*, 65 F.Supp.2d at 659. Therefore, while a creditor is precluded from satisfying a debt from the personal assets of a discharged debtor, a creditor may collect his debt from a fraudulent transferee of the debtor. *Kathy B. Enterprises, Inc.*, 779 F.2d at 1414–1415; *Casey*

*National Bank*, 218 Ill.Dec. 124, 668 N.E.2d at 613; *Dixon*, 531 A.2d at 1326–1327.

■ We therefore hold that a debtor's discharge in bankruptcy does not protect fraudulent transferees from collection efforts by a judgment creditor. To permit a bankrupt debtor to shield his assets by engaging in a fraudulent transfer would allow a windfall to the fraudulent transferees at the expense of the unprotected creditor. We cannot permit the debtor to do indirectly what the law forbids him to do directly.

We also note our holding is entirely in accord with the bankruptcy court's rulings. Although this suit was subject to an automatic stay when the bankruptcy action was first filed, the bankruptcy court properly entered an order lifting the stay, allowing the creditor to pursue this action because the automatic stay provision is inapplicable to a fraudulent transfer.

Alternatively, Quest urges our affirmance because Plaza's transfer of the parcels is not a transfer by the judgment debtor as required by the Uniform Fraudulent Transfer Act, and therefore the creditor has failed to state a claim upon which relief can be granted. *See* Section 428.005 *et seq.* RSMo 2000. Defendants rely on an Alabama case, *Folmar & Associates, LLP v. Holberg*, 776 So.2d 112 (Ala.2000). We, however, disagree with the *Folmar* decision and instead follow the later Alabama case, *Thompson Properties v. Birmingham Hide & Tallow Company, Inc.*, —— So.2d ——, 2001 WL 1346417 (Ala. Nov. 2, 2001).

In *Thompson*, the court was presented with an issue similar to the one currently before us, namely whether the transfer of property by a corporation, which was the alter ego of the debtor, constituted a transfer of property by the debtor. There, the creditor held a judgment against the debt-

or, Ron Rockhill. Rockhill, who was the president and sole shareholder of Eastern Valley, filed for personal bankruptcy but did not disclose any properties held by Eastern Valley during his bankruptcy proceedings. After the bankruptcy, Rockhill signed a deed conveying property held by Eastern Valley to Birmingham Hide, another corporation, with substantial consideration paid to Rockhill. The creditor then sued Birmingham Hide pursuant to the state fraudulent transfer act statute in order to collect on its judgment.

The trial court relied on *Folmar* in granting summary judgment to Birmingham Hide, and held that the state statute only applies to transfers by a debtor and Rockhill, not Eastern Valley, was the debtor. The Supreme Court reversed. There, the court first discussed the implication of an unappealed default judgment declaring that Eastern Valley was the alter ego and a mere instrumentality of Rockhill at the time of the transfer. However, and more important to our analysis, the court further held that even absent the trial court's declaration that Eastern Valley was the alter ego of Rockhill, the creditor presented sufficient evidence to establish a genuine issue of material fact as to whether the property transfer from Eastern Valley to Birmingham Hide was a transfer by the debtor, specifically that (1) Rockhill retained an undocumented interest in the property after it was transferred to Birmingham Hide, and was paid by Birmingham Hide after the property was resold to a bona fide purchaser; and (2) Rockhill signed the deed conveying the property to Birmingham Hide. Given such evidence, the Supreme Court held that the trial court erred in granting summary judgment to Birmingham Hide, and reversed and remanded the matter for further proceedings.

We agree with the court's analysis and similarly hold that the transfer by an alter ego or mere instrumentality of a judgment debtor constitutes a transfer by the judgment debtor himself. Here, we further find that the creditor alleged sufficient facts in its second amended petition to state such a cause of action. The creditor alleged that Plaza, in its ownership and transfer of the parcels, was merely the alter ego of the debtor. As such, debtor had complete control and domination over not only the finances of Plaza, but also of all policy and business practices with respect to Plaza's ownership and transfer of the parcels. Moreover, the creditor alleged that Plaza had no separate mind, will, or existence of its own with regard to its ownership and transfer of the parcels. We therefore reject Quest's claim that the creditor failed to state a claim upon which relief could be granted.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.