Gene WALKER, Plaintiff–Appellant,

v.

CITY OF SPRINGFIELD, Missouri, Andrew Furedy, Ralph Rognstad, Tom Finnie, and Mike Giles, Defendants–Respondents,

and

Sequiota Investments, Inc., Defendant.

No. 26662.

Missouri Court of Appeals, Southern District, Division One.

Aug. 23, 2005.

Petition for Rehearing and Transfer Denied Sept. 14, 2005.

Application for Transfer Denied Nov. 1, 2005.

Gene Walker, pro se.

Ron Dirickson, Assistant City Attorney, Springfield, MO, for Respondents.

JAMES K. PREWITT, Judge.

Gene Walker ("Appellant") appears *pro se* appealing the decision of the trial court in entering a judgment in favor of defendants City of Springfield ("City") and its employees Andrew Furedy, Ralph Rognstad, Tom Finnie, and Mike Giles ("City employees"), based on defendants' motion to dismiss Appellant's amended petition. The dismissal also included Sequiota Investments, Inc., the remaining defendant.

The facts before us come only from Appellant's pleadings and other facts, which the parties appear to agree upon from the documents filed here. Appellant lives and holds record title to property currently zoned Residential–Single Family. Appellant's property is near Colony Cove Mobile Home Park ("Colony Cove"), to which Sequiota Investments, Inc. ("Sequiota") hold title. Colony Cove is currently zoned Residential–Mobile Home Community ("R–MHC"). Appellant's property abuts another fifteen-acre tract of undeveloped

property, to which Sequiota also holds title.

On January 23, 1995, the City adopted a comprehensive zoning code which included the creation of the R–MHC classification. Under this change, Colony Cove's fifty-eight-lot mobile home park could expand by an additional ninety-four lots.

On February 1, 2001, the City's Planning and Zoning Commission ("Commission") heard a request by Sequiota to expand Colony Cove into the fifteen acres abutting Appellant's property. The City employees recommended approval of the request, but the Commission denied it. On June 7, 2001, Sequiota returned to the Commission with a modified request regarding the fifteen acres. This request was also rejected by the Commission. Sequiota then appealed that decision to the City Council, but its appeal was denied.

Appellant filed his original petition with the trial court on September 26, 2002. After challenges to this petition and an amended petition were filed, Appellant submitted his third amended petition on March 1, 2004. On October 27, 2004, the trial court ruled that his third amended petition "is barred by the applicable statutes of limitation."

Appellant filed Notice of Appeal on November 19, 2004. The City has responded separately and apart from City employees, who have also responded in this appeal. No response has been filed by defendant Sequiota Investments, Inc. Respondents City and City employees have requested dismissal of this appeal on the basis that Appellant's brief is deficient and in contravention of Rules 84.04(a) and (d).

In his first point, Appellant alleges the trial court erred in dismissing his third amended petition on the basis of statutes of limitation because the applicable statute "does not set forth a limitation period[.]"

Respondent City contends Appellant's claim was time-barred under § 89.110, and Appellant failed to state a claim for relief. Respondents City employees present the same contentions.

In his second point, Appellant contends the trial court erred by declaring the incorrect statutes of limitation because Appellant "submitted his original Petition to the Court at his first available opportunity[.]" Respondent City contends that Appellant's third amended petition was time-barred under § 516.130.1, since Appellant "submitted his original Petition to the court on September 26, 2002 and the alleged facts supporting his claim show that any claimed constitutional violations occurred in 1995 or prior thereto." Respondents City employees also contend that the third amended petition was time barred "and the trial court is without general plenary or advisory opinion discretion in that the trial court properly considered and ruled."

In his third point, Appellant contends the trial court erred by applying a time limitation from § 536.060 which "applies only to contested cases and other matters involving licensees and licensing agencies." Respondent City counters by pointing out that Appellant's third amended petition is time-barred under both § 89.110 and § 536.060. Respondents City employees object for the same reason and contend that Appellant's third amended petition failed to state a claim.

In his fourth point, Appellant contends trial court erred in dismissing Appellant's third amended petition, including his request for writ of mandamus in Count VI thereof, on the basis of timeliness because "there are no statutes of limitation that can be applied to Mandamus and time limit was not pled by any of the Respondents['] lawyers in that Mandamus is a question of law[.]" Respondent City contends that

dismissal was not error because § 89.110 provides the proper procedure to challenge zoning decisions, not mandamus. Respondents City employees counter that Appellant "failed to state a claim" and was "time barred."

It is our initial duty to ascertain whether this court has appellate jurisdiction of the case. *Chipman v. Counts*, 104 S.W.3d 441, 445 (Mo.App.2003). "Any party to a suit aggrieved by any judgment of any trial court in any civil cause . . . may take his appeal to a court having appellate jurisdiction." *HHC Med. Group, P.C. v. City of Creve Coeur Bd. of Adjustment*, 99 S.W.3d 68, 73 (Mo.App.2003); Section 512.020. "A party is aggrieved when the judgment operates prejudicially and directly on the party's personal or property rights or interest and such is an immediate and not merely a possible, remote consequence." *HHC Med. Group, P.C.*, 99 S.W.3d at 73.

"Standing is a jurisdictional matter antecedent to the right to relief." *State ex rel. Cunningham v. Wiggins*, 156 S.W.3d 473, 475 (Mo.App.2005), quoting *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo.banc 2002). "It asks whether the persons seeking relief has a right to do so." *Id.* "Where . . . a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive issues, for if a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented." *Id.*

Section 89.491.1, RSMo 2000 states that any person aggrieved by a violation of chapter 89 may bring a civil action. *Bender v. Forest Park Forever, Inc.*, 142 S.W.3d 772, 774 (Mo.App.2004). "To be 'aggrieved' under section 89.110, the plaintiff must have a specific and legally cognizable interest in the subject matter of the decision and be directly and substantially affected by the decision." *Id.* "[P]laintiff's interest must be affected more distinctly and directly than the interest of the public generally." *Id.*

Appellant based his right to bring this action against Respondents on the fact that he lives close to Sequiota's Colony Cove and another fifteen acres of undeveloped property to which Sequiota holds title. In his amended petition, Appellant alleges the 1995 change to the City's zoning ordinance presents "a high likelihood that the R–MHC Ordinance will be used against [Appellant] again in the future." Appellant claims he can bring this action as a person who has "lived, developed land and constructed homes in the immediate area of Colony Cove Mobile Home Park for over 20 years."

Appellant outlines the history of Colony Cove's zoning requests, beginning in 1988, when Sequiota received initial approval from the City to build Colony Cove. Appellant then cites the expansion that occurred with the City's approval of the 1992 Colony Cove expansion with the passage of what he refers to as "PD 138" (planned development). Appellant contends a city-wide zoning ordinance change in 1995 transformed Colony Cove's planned development into the R–MHC zoning. He finalizes this history with reciting Sequiota's most recent zoning request, which failed to pass.

Appellant does not specify any instance where he instigated the review or appeal of any of these zoning cases. Nor does Appellant distinguish himself from the general population in describing his perceived injury from the 1995 zoning ordinance changes, other than to say that he has investment-backed expectation that property surrounding his will be developed in a proper and regulated fashion. Appel-

lant seems to claim that in responding to certain zoning requests, city officials failed to follow regulations and/or failed to enforce regulations or procedures, and this alleged noncompliance damaged the quality and character of his neighborhood and diminished his investments. However, nowhere in Appellant's pleadings can this court find any distinguishable injury, as the pleadings contain numerous conclusions, but no facts clarifying specifically what occurred or how he was injured.

Appellant has failed to plead facts showing that he suffered a legally-compensable injury or that such injury that might occur is anything but a remote and possible consequence of Respondents' collective actions. We conclude that Appellant was not legally aggrieved and he lacked standing to complain of Respondents' actions.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.