Steven R. FLEDDERMANN, Appellant,

v.

CAMDEN COUNTY, MISSOURI
BOARD OF ADJUSTMENT,
et al., Respondents.

No. SD 29413.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 5, 2009.

a class D felony. *See* § 558.011(4) (providing that the sentence for a class D felony should not exceed four years).

Stephen R. Fleddermann, St. Charles, for Appellant.

Harvey M. Tettlebaum and R. Ryan Harding, Husch Blackwell Sanders LLP, Jefferson City, for Respondent.

Before BATES, P.J., BARNEY, J., and BURRELL, J.

PER CURIAM.

Steven R. Fleddermann ("Appellant") appeals from a judgment ("the Judgment") which granted Respondent Riva D'Lago's ("Developer") motion to dismiss Appellant's petition with prejudice. Appellant asserts three points of trial court error. We affirm the Judgment of the trial court.

The record reveals Developer sought to build a $205,000,000.00 resort, which would include a resort, conference center, and condominium development on eighteen acres of lakeside property in Camden County within the jurisdiction of Respondent Camden County Board of Adjustment ("the Board"). This piece of property is zoned as B–2 or "General Commercial," which has a one hundred and twenty foot height allowance on buildings erected in that zone. The Board had already granted Developer a "Conditional Use Permit" to build condominiums on this property, but it insisted the condominiums had to conform to the height restriction of a piece of property zoned R–3, which is fifty-five feet. Developer applied to the Board for a height variance for the condominium complex, because the condominium plans called for the structures to have a maximum height of eighty-nine feet, which was over the fifty-five foot limit set out by the Board. A public hearing was held on May 23, 2007, and at the conclusion of the meeting the Board granted Developer's request for a variance.

On June 22, 2007, Appellant filed his "Petition for Circuit Court Review of Board of Adjustment Decision to Authorize Variance." In his petition, Appellant asserted he "is an individual owning property in Camden County in the immediate proximity of . . ." Developer's proposed development and that he had standing to

contest the variance because he was an aggrieved party. Appellant's petition maintained the Board's decision to grant the variance was "unlawful, without statutory authority and was arbitrary and capricious in that no competent evidence was submitted ... to show [Developer] could not reasonably utilize the property in conformance with the [fifty-five] foot height restriction." He asserted Developer "provided no competent evidence of practical difficulty or unnecessary hardship in complying with the existing zoning ordinance" such that the Board "exceeded its statutor[y] authority by ... electing to authorize the violation of the existing building height limitation by a factor of approximately [sixty] percent."

On August 6, 2007, the Board filed its "Motion to Dismiss" Appellant's petition for failure to state a claim upon which relief can be granted. Then on September 11, 2007, Developer filed his motion to intervene in the proceedings. On March 11, 2008, the trial court granted Developer's motion to intervene and set a hearing date on all pending motions.

On March 17, 2008, Developer filed his motion to dismiss Appellant's petition alleging Appellant's failure to prosecute his claim and move the case forward in a timely manner; failure to file under the proper statute in that Appellant's petition incorrectly cited to section 64.120 instead of section 64.660;[1] and alleging Appellant was not an aggrieved party and had no standing to pursue his claim in the manner set out in the petition.

On April 4, 2008, the trial court held a hearing on the pending motions. At that

time, the trial court specifically granted Appellant leave to file an amended petition ("the First Amended Petition"); the First Amended Petition was filed by Appellant; the trial court deemed the pending motions to be re-filed in connection with the First Amended Petition; and the trial court gave the parties additional time to file other pleadings. On May 13, 2008, the record reveals the following docket entry: "Order[:] Court takes up matters submitted by briefs ordered 4/4/08. Motion to dismiss is sustained, with prejudice. The court finds that [Appellant] has no standing and is not an original party. Judgment for [the Board], et al. S.M."[2]

Thereafter, on June 12, 2008, Appellant filed his "Motion to Reconsider the [Trial] [C]ourt's Order Granting ... Motion to Dismiss and, In the Alternative, [Appellant's] Motion to Amend Dismissal Order as a Dismissal Without Prejudice Granting [Appellant] Leave to File [Appellant's] Second Amended Petition." Appellant attached a copy of his proposed "Second Amended Petition for Circuit Court Review of [the] Board['s] ... Decision to Authorize Variance" ("the Second Amended Petition"). Arguments on this motion were held on July 15, 2008. At that time Appellant submitted a photo in support of his pleadings, and the matter was taken under advisement by the trial court.[3] On that same date a docket entry reflected the following determination: "no new issues [were] raised and [f]urther delay will cause continued damage to [Developer] and therefore motions are denied." The trial court then seasonably entered the Judgment on September 9, 2008, which

---

1. All statutory references are to RSMo 2000 unless otherwise stated.

2. All parties agree that this docket entry did not constitute a valid judgment of the trial court.

3. At oral arguments the parties confirmed that Appellant's property is located in a cove near the proposed development, approximately 900 feet from Developer's property across open water.

stated it "dismissed [Appellant's] claim with prejudice on May 13, 2008," and it "remains dismissed with prejudice." The trial court also denied Appellant's motion for reconsideration and request for leave to file the Second Amended Petition. This appeal followed.

We review the grant of a motion to dismiss *de novo.* *Vogt v. Emmons,* 158 S.W.3d 243, 247 (Mo.App.2005). A motion to dismiss is solely a test of the adequacy of the petition. *Hallquist v. Midden,* 196 S.W.3d 601, 603 (Mo.App.2006). We accept as true all of the plaintiff's averments and view the allegations in the light most favorable to the plaintiff. *Vogt,* 158 S.W.3d at 247. "Where, as here, the trial court does not provide reasons for its dismissal of the petition, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss, and we will affirm if dismissal was appropriate on any grounds stated therein." *Fenlon v. Union Elec. Co.,* 266 S.W.3d 852, 854 (Mo.App.2008).

We now turn to an analysis of Appellant's first point relied on. Appellant maintains the trial court erred in dismissing the First Amended Petition due to "lack of standing" because he alleged

> in his petition that his property is in the 'immediate vicinity' of the subject property, is 'aggrieved by the variance' and, as such, [he] 'has standing,' in that [Appellant], having property in direct view of the subject property, necessarily is affected by the variance order more distinctly and directly than the public generally and, as a nearby property owner, is conferred standing without further proof of special damage.

Regarding appeals from decisions of the Board to the circuit court, section 64.660.2 sets out that

[a]ny owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the [Board] ... may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom.

"In general, to gain standing as an 'aggrieved person' entitled to judicial review of an administrative decision, one must demonstrate a specific and legally cognizable interest in the subject matter of the administrative decision and show that he has been directly and substantially affected thereby." *State ex rel. Columbus Park Cmty. Council v. Bd. of Zoning Adjustment,* 864 S.W.2d 437, 440 (Mo.App. 1993). "The plaintiff's interest must be affected more distinctly and directly than the interest of the public generally." *Bender v. Forest Park Forever, Inc.,* 142 S.W.3d 772, 774 (Mo.App.2004). "Whether the party opposing the administrative decision has standing is an *ad hoc* determination to be made by the courts under the particular facts of the case." *Columbus Park,* 864 S.W.2d at 441 (emphasis added). "We determine standing as a matter of law based on the petition and any other non-contested facts accepted as true by the parties at the time of the motion to dismiss." *Bender,* 142 S.W.3d at 774.

Here, Appellant's First Amended Petition asserted he is "an individual owning property ... in the immediate proximity of the property" subject to the variance granted by the Board and that he "is aggrieved" by the grant of the variance. However, Appellant's First Amended Petition contained not a single statement relating to how he was aggrieved by the decision to grant the variance such as an assertion that it would diminish his prop-

erty value, obstruct his view, or lead to increased traffic. Appellant merely made the blanket assertion that he was aggrieved. Neither did his First Amended Petition articulate how the variance directly and substantially affected any of his specific and legally cognizable interests. *See Columbus Park,* 864 S.W.2d at 441. As previously set out, a motion to dismiss is solely a test of the adequacy of the petition. *Hallquist,* 196 S.W.3d at 603. Appellant's First Amended Petition was inadequate to show Appellant had standing to challenge the decision of the Board. As previously set out, Appellant's First Amended Petition contained but conclusory statements as to how he was aggrieved and was essentially devoid of any factual statements as to how he was aggrieved by the variance granted in the present matter. It is clear that "[t]he Missouri rules of civil procedure require fact pleading." *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997). "The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial." *Id.* The trial court did not err in granting Developer's motion to dismiss. Point I is denied.

Appellant's second point relied on asserts the trial court erred in dismissing his First Amended Petition "based on its determination that [Appellant] was 'not an original party' ..." because "section [64.660.2] specifically allows any owner of property *aggrieved* by [the Board] to file his petition for review ... without regard to whether the property owner was a party to the original petition to the Board...." (Emphasis added). In view of our holding under Point I that Appellant failed to show that he had standing to challenge the deci-

sion of the Board, we need not address his second point as the matter is moot. *See KRP ex rel. Brown v. Penyweit,* 219 S.W.3d 829, 838 (Mo.App.2007).

In his third point relied on, Appellant maintains the trial court erred in dismissing his petition with prejudice and denying his request to file his Second Amended Petition "setting forth his elements of standing with more specificity...." Specifically, he asserts the trial court's ruling "necessarily prevented [his] cause of action from being heard on the merits, thereby denying justice ... in violation of the letter and spirit of Rule 55.33(a) requiring that leave to amend shall be freely given when justice so requires."

Leave to amend a petition is governed by Rule 55.33(a). Rule 55.33(a) mandates that a "pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." When considering allowing a party to amend a pleading, there are a number of factors which the trial court should consider, including:

> 1) hardship to the moving party if leave to amend is not granted; 2) reasons for failure to include any new matter in previous pleadings; 3) timeliness of the application; 4) whether an amendment could cure any defects of the moving party's pleading; and 5) injustice to the party opposing the motion.

*Eltiste v. Ford Motor Co.,* 167 S.W.3d 742, 751 (Mo.App.2005). "It is within the trial court's broad discretion to allow amendment of the pleadings at any stage in the proceedings." *Moynihan v. City of Manchester,* 203 S.W.3d 774, 776 (Mo.App. 2006). "However, 'it is an abuse of discretion to not grant such leave when justice so requires.'" *Sloan–Odum v. Wilkerson,* 176 S.W.3d 723, 725 (Mo.App.2005) (quot-

ing *Dwyer v. Meramec Venture Assoc., L.L.C.,* 75 S.W.3d 291, 292 n. 1 (Mo.App. 2002)). "A ruling is an abuse of discretion when it is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Bonney v. Envtl. Eng'g, Inc.,* 224 S.W.3d 109, 116 (Mo.App.2007).

Here, Appellant's original petition was filed on May 23, 2007, and it was seasonably challenged by motions to dismiss filed by both Developer and the Board. The Board's motion to dismiss asserted Appellant failed to state a claim upon which relief could be granted, and Developer's motion to dismiss maintained Appellant lacked standing to sue based on his failure to specifically plead his grievances as well as positing other legal theories. Thereafter, Appellant sought and was granted leave to file the First Amended Petition. The First Amended Petition only changed the statute under which Appellant was asserting his claim. The Motions to Dismiss were then re-filed relative to Appellant's First Amended Petition which contained the same pleading deficiencies as set out in Appellant's original petition. Appellant's First Amended Petition was then dismissed with prejudice by the trial court, and it was not until after it was dismissed that Appellant sought leave to file his Second Amended Petition.

In applying the factors set out in *Eltiste,* 167 S.W.3d at 751, this Court fails to see how Appellant suffered a legally, cognizable hardship by the trial court's failure to grant him leave to file the Second Amended Petition. Appellant had already been given an opportunity to correct the deficiencies in his petition prior to the time his cause was dismissed. The issues with the vagueness of the petition and the lack of stated, specific ways in which Appellant was aggrieved by the Board's decision were largely set out by the Board and Developer in their respective motions to dismiss in August of 2007 and March of 2008. Appellant then filed the First Amended Petition, again, without elaborating on how he was aggrieved. Indeed, Appellant has shown no reason for failing to include the matters set out the Second Amended Petition in his earlier filings with the trial court. *Id.*

Furthermore, this is not a situation where Appellant discovered new information while the proceedings were pending and desired to get them in front of the trial court. Appellant merely needed to be more specific in setting out his cause of action in his pleading, but failed to do so despite being given an opportunity to do so. Additionally, the timeliness of Appellant's request does not bode favorably to Appellant's position. *Id.* Lastly, while Appellant's proposed amendment would cure most of the defects in the First Amended Petition, this Court must also look at the "injustice to the party opposing the ..." request for the amendment. *Id.* In the present matter, this litigation has been ongoing for in excess of two years. We can readily infer that Developer has lost that amount of construction time on his multi-million dollar condominium project. Under these circumstances we cannot say that the trial court abused its discretion in denying Appellant's request to amend his petition yet again. Point III is denied.

The Judgment of the trial court is affirmed.