James PARKER, Respondent,

v.

Sheriff Tim SWOPE and St. Charles
County Prosecuting Attorney,
Appellants,

and

City of O'Fallon and State Criminal
Records Repository,
Defendants.

No. ED 84689.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 1, 2005.

Joann Leykam, Office of the St. Charles County Counselor, St. Charles, MO, for Prosecutor & Sheriff of St. Charles County.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Mark C. Pointek, Washington, MO, for City of O'Fallon.

Richard K. Zerr, St. Charles, MO, for James Parker.

NANNETTE A. BAKER, Judge.

The St. Charles County Sheriff's Department ("the Sheriff") and the St. Charles County Prosecutor ("the Prosecutor") appeal from a judgment in the Circuit Court of St. Charles County granting, in part, expungement of arrest records of James C. Parker ("Parker") pursuant to Section 610.122.[1]

The Sheriff and the Prosecutor claim on appeal that the trial court erred in granting Parker's expungement as to the City of O'Fallon, the Missouri Highway Patrol and the Criminal Records Repository, in that Section 610.123 recognizes a cause of action for expungement of a single "Record of Arrest" and not for expungement of individual agencies and the affirmative defense of res judicata protects the record of arrest as a whole. They also claim that the trial court erred in granting Parker's expungement as to the City of O'Fallon, the Missouri Highway Patrol and the Criminal Records Repository in that Sections 610.122 and 610.123[2] recognize a cause of action for expungement when the criteria set forth in the statute are met, but the court never found that the criteria were met. Instead, the court granted the expungement based on default of the non-appearing agencies. We cannot consider these points, however, because we have no jurisdiction to hear this appeal. The Sheriff and the Prosecutor are not aggrieved parties and therefore lack standing to appeal. We dismiss.

In February 2003, Parker filed a Petition for Expungement of Arrest Records and a cause number was assigned. Parker listed the charge he sought to be expunged as a domestic assault, for which he was arrested in August 2001. Parker requested an expungement of the arrest and all related charges not filed but considered. Parker referenced the case number of the domestic assault arrest and charge he sought to expunge in multiple places. Parker listed as defendants: the Criminal Records Repository, the City of O'Fallon Police Department, the St. Charles County Circuit Court, the Prosecutor, and NCIC–FBI Records. The initial petition did not list the Sheriff as a Defendant, however the Sheriff noted his opposition to the expungement in a motion made by the prosecutor.

On April 15, 2003, the first expungement hearing was held. The Prosecutor and the Sheriff appeared by counsel. The City of O'Fallon appeared by Police Officers Buchanan and Frackelton. Officer Frackelton was the officer at the time of the original incident who prepared the probable cause statement. Parker appeared at that hearing *pro se*. The court offered Parker a continuance so that Parker could obtain counsel but Parker refused and the hearing was held. The court denied the Petition to Expunge.

---

**1.** All statutory references are to RSMo.2000 unless otherwise indicated.

**2.** RSMo 2003

In November 2003, Parker re-filed a Petition for Expungement of Arrest Records seeking to expunge the same arrest record as the previous petition. A new cause number was assigned to his petition. He also filed another petition for expungement, which is not part of this appeal.

Parker listed the charge he sought to be expunged as "unlawful use of a weapon—Assault," for which he was arrested on August 30, 2001. The case number of the arrest and charge he sought to expunge was identical to the case referenced in the earlier filed expungement on which the trial judge in the first hearing had already ruled. The affected law enforcement agencies listed as defendants in this second Petition for Expungement were the Criminal Records Repository, the City of O'Fallon Police Department, the St. Charles County Circuit Court, and the Prosecutor. Parker also listed the Missouri Highway Patrol and the Sheriff, who were not parties to the first action.

The Sheriff and the Prosecutor filed a Motion to Dismiss, raising the existence of probable cause for the arrest and further raising the defense of res judicata. The court took judicial notice of the court's file in the first Petition to Expunge. The court granted the Sheriff's and Prosecutor's motion to dismiss. The City of O'Fallon Police Department, the Criminal Records Repository and the Missouri State Highway Patrol failed to appear at the proceedings. Noting their failure to appear, the court granted the petition of expungement as a default judgment against the City of O'Fallon Police Department, the Criminal Records Repository and the Missouri State Highway Patrol. The Prosecutor and Sheriff then filed this appeal.

■ On appeal, the Sheriff and the Prosecutor contend that the trial court erred in expunging Parker's record as to the City of O'Fallon Police Department, the Criminal Records Repository and the Missouri State Highway Patrol for two different reasons. First, the Sheriff and the Prosecutor contend that the trial court erred in not holding that res judicata precluded a second hearing on the merits. Secondly, they assert that it was error to grant expungement based on default of the non-appearing agencies rather than finding that the criteria of the statute were not met.

Unfortunately, we are unable to examine these arguments because the Sheriff and the Prosecutor lack standing to appeal. Because the trial court decision was in their favor, they are not aggrieved parties as is required by Section 512.020.

■ Before considering points on appeal, this court must determine whether we have jurisdiction and if we lack jurisdiction the appeal should be dismissed. *City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.,* 66 S.W.3d 139, (Mo. App. E.D.2001).

The right to appeal is established by Section 512.020, which provides in relevant part, "Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited ... may take his appeal to any court having appellate jurisdiction from ... any final judgment."

■ Under the statute, a party must be "aggrieved" by the judgment below to have any right to appeal. *Schroff v. Smart,* 120 S.W.3d 751, 754 (Mo.App. W.D. 2003). An aggrieved party is one who suffers from an infringement or denial of legal rights. *Barron,* 66 S.W.3d at 142. The judgment in question must operate directly and prejudicially on the party's personal or property rights or interests and such effect must be immediate and not merely a possible remote consequence.

*HHC Medical Group, P.C. v. City of Creve Coeur Bd. Of Adjustment,* 99 S.W.3d 68, 73 (Mo.App. E.D.2003). To have standing, the party seeking relief must show two things: (1) the party is sufficiently affected by the action being challenged to justify consideration by the court of the validity of the action; and (2) the action violates the rights of the particular party who is attacking it and not some third party. *Id.*

In this case, the Sheriff and the Prosecutor filed a Motion to Dismiss, raising the existence of probable cause for the arrest and the defense of res judicata. The court granted the Motion to Dismiss in favor of the Sheriff and the Prosecutor on the basis of the res judicata defense.

The decision in favor of the Sheriff and the Prosecutor does not directly and immediately affect their pecuniary or property rights or interests. Their motion to dismiss was granted and they were not required to expunge. The judgment was in their favor.

Because the judgment was in their favor, any prejudicial effect from the judgment would occur only as a possible and remote consequence. For example, in their brief, the Sheriff and the Prosecutor point to the complications that result from a partial expungement of an arrest record. In short, if a party were to go to the Sheriff for a criminal background check, the arrest would appear on the record but upon inquiry to the O'Fallon Police Department, the arrest would not be on the record. However, the possibility that this would involve the Sheriff and the Prosecutor enough to affect pecuniary or property rights is remote. We do not believe that the Sheriff and the Prosecutor would be sufficiently affected by the action being challenged to justify consideration by the court of the validity of the action and accordingly, they do not meet the first prong of the standing test.

Under the second prong of the test, parties have standing if the action violates the rights of the particular party who is attacking it and not some third party. This is obviously not the case here. The motion filed by the Sheriff and the Prosecutor was granted and they were not required to expunge. The City of O'Fallon Police Department, the Criminal Records Repository and the Missouri State Highway Patrol were the departments required to expunge, but they did not appeal. If any rights were violated by requiring the expungement as to those three entities, it would be the rights of those three entities and not the rights of the Sheriff and the Prosecutor. Thus it stands that the Sheriff and the Prosecutor are trying to assert the violation of the rights of third parties, and not themselves.

Accordingly, regardless of the potential merit of the arguments of the Sheriff and the Prosecutor, we are unable to review those contentions because they lack standing to appeal a ruling in their favor.

Appeal dismissed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.