STATE of Missouri, ex rel. Brent PARSONS and Jeffrey Holmes, Appellants,

v.

BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Karl Zobrist, et al., Respondents.

No. WD 67026.

Missouri Court of Appeals, Western District.

Dec. 26, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2008.

Application for Transfer Denied March 18, 2008.

---

Lawrence Gerard Rebman, Kansas City, MO, for Respondent.

Lisa Sander Morris, Kansas City, MO, for Respondent.

Before PATRICIA BRECKENRIDGE, Sp. J., JAMES M. SMART, JR., and RONALD R. HOLLIGER, JJ.

JAMES M. SMART, JR., Judge.

The Relators in this case are two Kansas City, Missouri, police officers. Both officers appeal the judgment of the Circuit Court granting Officer Brent Parsons' writ of mandamus and denying all other relief. The officers claim that certain internal polices of the Kansas City, Missouri, Police Department (KCPD) and the Board of Police Commissioners ("the Board") violate state law and should be declared null and void. Because we determine that the Relators do not have standing to appeal, we dismiss the appeal for lack of jurisdiction.

## Background

Officer Brent Parsons is a police officer with the KCPD. In December of 2000, three citizens filed a complaint against Parsons with the Office of Citizen Complaints (OCC). The complaint suggested that Parsons had acted in a rude and unprofessional manner toward the citizens making the complaints. The OCC entered an order substantiating the complaints.

The KCPD internal affairs unit then investigated the complaints. The KCPD found the complaint to be unsubstantiated and took no disciplinary action against Officer Parsons. Despite the KCPD's findings, the OCC continued to sustain the complaint against Officer Parsons.

On November 25, 2003, Parsons requested a hearing from the Board to resolve the discrepancy between the OCC's order and the KCPD's finding. The Board declined to hold a hearing.

Officer Jeffrey Holmes is also a police officer with the KCPD. Sometime in 2004, an anonymous complaint was made to the Office of City Manager of Kansas City, alleging that Holmes was not a resident of Kansas City, Missouri, as required by Board policy. The complaint was forwarded to the KCPD, which conducted an investigation and found that the allegations were unsubstantiated. No action was taken against Officer Holmes. In defending himself against these complaints, however, Officer Holmes hired an attorney and incurred approximately $10,000 in attorney's fees.

Parsons filed a petition in the Jackson County Circuit Court for a writ of mandamus compelling the Board to hold a hearing to resolve the discrepancy between the OCC and the KCPD internal affairs unit as to whether the citizen complaints were substantiated. Parsons sought a ruling declaring the rules adopted by the Board regarding citizen complaints null and void for violation of state law. Later the petition was amended to include Holmes' complaint.

After a hearing, the circuit court determined that the language of section 84.430 [1] requires that the Board hear and resolve complaints made against police officers. Therefore, the court determined that the Board must take action to resolve the discrepancy concerning the complaint against Officer Parsons. The court did not specify the procedure the Board should use, but it did order the Board to engage in some

---

1. All statutory references are to the Missouri Revised Statutes 2000.
   Section 84.430 states, in relevant part:
   1. The board shall hear all complaints or charges filed against any member of the police department. All complaints or charges filed by persons other than the commissioners or police officers shall be verified by the oath of the person filing such complaints or charges.

procedure to resolve Parsons' issue. As to Officer Holmes, the court determined that the Board had acted appropriately in dealing with the complaint made against him. The court denied all other relief to both petitioners. After the trial court's order was given, the KCPD declared that there would be no record of a substantiated complaint against Officer Parsons in the Office of Community Complaints. Parsons and Holmes now appeal to this court.

## Discussion

■ Relators–Appellants claim in their first point that the Board's delegation to the OCC of the duty to take citizens' complaints is in violation of state law. In their second point, the officers claim that the KCPD's policy of accepting and investigating anonymous complaints is contrary to state law, specifically section 84.430.1.

■ Before we can reach these issues, it is necessary for us to determine whether we have jurisdiction over the appeal. *See Parker v. Swope*, 157 S.W.3d 350, 352 (Mo. App.2005). Standing is a jurisdictional precursor to the right to appeal. *Walker v. City of Springfield*, 172 S.W.3d 857, 860 (Mo.App.2005). If a party does not have standing, we must dismiss the appeal because we do not have jurisdiction. *Id.*

■ The right of appeal is established by section 512.020: "Any party to a suit *aggrieved* by any judgment of any trial court in any civil cause ... may take his or her appeal to a court having appellate jurisdiction from any ... [f]inal judgment[.]" (Emphasis added.) The statute's language requires a party to be "aggrieved" by the judgment in order to have a right to appeal. *Parker*, 157 S.W.3d at 352. "An aggrieved party is one who suffers from an infringement or denial of legal rights." *Schroff v. Smart*, 120 S.W.3d 751, 754 (Mo.App.2003). The judgment must operate directly and prejudi-

cially on the party's personal or property rights or interests and the effect must be immediate, not merely a possible remote consequence. *Id.*

In their petition, Relators requested that the circuit court issue a writ of mandamus compelling the Board to hear the complaint against Officer Parsons, and for an order directing the Board to pay Relators' reasonable attorney's fees. Relators also prayed for an order declaring the Board's rules invalid and all actions taken thereunder void.

The circuit court did issue the writ of mandamus requested. Although the court did not declare the Board's rules invalid, we fail to see how either officer is still aggrieved. Both officers were investigated, but no disciplinary action was taken against either officer because the complaints were determined to be unsubstantiated. Officer Parsons did still have the substantiated OCC complaint on his record until the circuit court ordered the Board to resolve the issue, which the Board did. Therefore, neither officer had any disciplinary action taken against them. Now neither officer has any "black mark" on his record. The court's action thus relieved any grievance either officer had.

Because the relief granted by the trial court relieved all of the officers' grievances, any prejudicial effect from the failure of the court to declare the Board's policies invalid would occur only as a "possible remote consequence." *See Parker*, 157 S.W.3d at 352. It could be argued that future complaints could be made against these officers and they will have the same troubles as they had on this occasion. That, however, is mere speculation. We see no indication that mere speculation can confer standing on them. *See id.*

## Motion for Attorney's Fees

Relators also requested attorney's fees in their petition. The circuit court did not grant attorney's fees, but gave no explanation. Relators filed a motion with this court for attorney's fees on appeal pursuant to section 536.087. This motion was taken with the case. Section 536.087 provides, in relevant part,

1. A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

 Although Relators did generally request attorney's fees in their petition with the circuit court, they failed to argue the applicability of section 536.087 before that court. Hence, the court did not rule on the issue of whether or not the position of the State was "substantially justified" or whether there were special circumstances which would make such an award unjust. The mere fact that Relators (or Officer Parsons, at least) prevailed before the trial court does not automatically ensure an award of attorney's fees if the parties do not litigate the issues specified in section 536.087. *See Seidner v. Webster,* 201 S.W.3d 104, 109 (Mo.App.2006) (failure of a state agency to win at the trial court level does not create a presumption that its position was not substantially justified). Moreover, Relators have not challenged in their points on appeal the trial court's failure to grant attorney's fees. Accordingly, we cannot now grant such relief on appeal.

The motion in this court for attorney's fees is denied.

## Conclusion

Because the parties are no longer aggrieved, and cannot contend on appeal that the court erred as to attorney's fees, they do not have standing to appeal the circuit court's judgment. Therefore, we dismiss the appeal.

BRECKENRIDGE, Sp. J., and HOLLIGER, J., concur.