+



# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| T.V.N., | ) | |
| | ) | |
| Respondent, | ) | WD82341 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | November 12, 2019 |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL CRIMINAL JUSTICE | ) | |
| INFORMATION SERVICES, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Joshua C. Devine, Judge

Before Division One:  Edward R. Ardini, Jr., Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

The Missouri State Highway Patrol Criminal Justice Information Services ("Central

Repository") appeals from a judgment expunging T.N.'s[1] 2016 arrest record pursuant to

section 610.122.[2]  The Central Repository argues that because T.N. had a 2011 speeding

---

[1]We refer to this party by initials to protect his identity, as to do otherwise would defeat the purpose and intent of Missouri's arrest and conviction records expungement statutes, particularly where the party filing the appeal is the party who unsuccessfully opposed expungement.

[2]All statutory references are to RSMo 2016 as supplemented through the date of T.N.'s petition to expunge his arrest record (July 23, 2018) unless otherwise noted.

conviction, he was statutorily ineligible for expungement of the arrest record, even though the speeding conviction had been expunged pursuant to section 610.140. Because expungement of T.N.'s 2011 speeding conviction pursuant to section 610.140 restored him to the status he occupied prior to the conviction as if such conviction had never taken place, it was not legally erroneous to expunge T.N.'s 2016 arrest record. The trial court's judgment is affirmed.

## Factual and Procedural Background

On July 23, 2018, T.N. petitioned the trial court to expunge an arrest record generated after T.N. was accused of leaving the scene of an accident on February 5, 2016. The Central Repository opposed the petition.

At a hearing on the petition, T.N. testified that although he was arrested on February 5, 2016, no charges were ever filed in the matter. T.N. acknowledged that he had been convicted of a misdemeanor speeding charge in April 2011. The speeding conviction was expunged, however, shortly before T.N. filed the petition to expunge his 2016 arrest record.

The trial court entered a judgment and order on October 31, 2018, expunging the 2016 arrest record ("Judgment"). The Judgment found that T.N. had not been convicted of any prior or subsequent misdemeanors or felonies. The Central Repository filed this timely appeal.

## Standard of Review

We review the trial court's Judgment to determine if it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.

2

*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's construction and application of statutory requirements is a question of law we review *de novo*. *W.C.H. v. State*, 546 S.W.3d 612, 614 (Mo. App. E.D. 2018).

### Justiciability of Appeal

Before addressing the merits of the Central Repository's appeal, we are required to address T.N.'s motion to dismiss, which argues that the Central Repository is not aggrieved by the Judgment and has no right of appeal under section 512.020. Section 512.020 affords the right of appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause . . . ." "A party who has not been aggrieved by a judgment has no right or standing to appeal." *Jackson Cty. Bd. of Election Comm'rs v. Paluka*, 13 S.W.3d 684, 687 (Mo. App. W.D. 2000) (citation omitted).

"Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012). "'Because standing is a question of law, review of the issue on appeal is de novo." *Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013) (quoting *CACH,* 358 S.W.3d at 61). "'Standing requires that a party have a personal stake arising from a threatened or actual injury.'" *Id.* at 774 (quoting *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 298 (Mo. banc 1986)); *see also CACH*, 358 S.W.3d at 61 ("A party has standing to sue when it has a 'justiciable interest in the subject matter of the action.'") (quoting *Garrison v. Schmicke*, 193 S.W.2d 614, 615 (Mo. 1946)). "A party establishes standing, therefore, by showing that it has 'some legally protectable interest in the litigation so as to be directly and adversely affected by its outcome.'" *Schweich*, 408 S.W.3d at 775 (quoting *Mo. State Med.*

3

*Ass'n v. State*, 256 S.W.3d 85, 87 (Mo. banc 2008)); *see also Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003) (holding that to establish standing, a party must demonstrate "'a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief'" (quoting *Northgate Apartments, L.P. v. City of North Kansas Cit*y, 45 S.W.3d 475, 479 (Mo. App. W.D. 2001))). "[A]s used in section 512.020, 'aggrieved' means 'suffering from an infringement or denial of legal rights." *Jackson Cty. Bd. of Election Comm'rs*, 13 S.W.3d at 687-88 (quoting *Gov't Emps. Ins. Co. (GEICO) v. Clenny*, 752 S.W.2d 66, 68 (Mo. App. S.D. 1988) (other citation omitted)).

The Central Repository is a "division within the Missouri state highway patrol responsible for compiling and disseminating complete and accurate criminal history records." Section 43.500(2). "Criminal history record information" is defined to include "information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges, and any disposition arising therefrom, sentencing, correctional supervision, and release." Section 43.500(5). The stated purpose for the Central Repository is described in section 43.503.1:

> For the purpose of maintaining complete and accurate criminal history record information, all police officers of this state, the clerk of each court, the department of corrections, the sheriff of each county, the chief law enforcement official of a city not within a county and the prosecuting attorney of each county or the circuit attorney of a city not within a county shall submit certain criminal arrest, charge, and disposition information to the central repository for filing without undue delay in the form and manner required by sections 43.500 to 43.543.

Other provisions in sections 43.500 to 43.543 address the Central Repository's obligation to disseminate collected and maintained criminal history record information to authorized persons. *See, e.g.*, sections 43.507, 43.531, and 43.532. The Central Repository thus has an interest in ensuring that the criminal history record information it maintains is complete and accurate.

T.N. does not contest that the Central Repository has an interest in ensuring that the criminal history record information it maintains is complete and accurate. However, T.N. argues that because expungement of an arrest record requires a court to make a determination that an arrest was based on false information, the Central Repository is neither aggrieved nor prejudiced by a judgment that expunges the arrest record. Section 610.122.1(1). T.N. argues that the Central Repository has no personal or property interest in maintaining false records.

T.N.'s argument ignores that demonstrating an arrest was based on false information is but one of several eligibility requirements a petitioner must establish to secure a judgment expunging an arrest record. Section 610.122. Here, the Central Repository is challenging whether T.N. satisfied the eligibility requirement of no prior or subsequent misdemeanor or felony convictions.

Moreover, T.N.'s argument ignores that the Central Repository is a required party in an action seeking to expunge an arrest record. Section 610.123.2 requires a petition seeking to expunge an arrest record to "name as defendants all . . . central state depositories of criminal records or others who the petitioner has reason to believe may possess the records subject to expungement." Section 610.123.2 thus reflects the General Assembly's

5

recognition that the Central Repository is aggrieved by a judgment expunging an arrest. This conclusion is consistent with section 610.124.2 which expressly provides that "[a]ny petitioner, or agency protesting the expungement [of an arrest record], may appeal the court's decision in the same manner as provided for other civil actions." *See Parker v. Swope*, 157 S.W.3d 350, 353 (Mo. App. E.D. 2005) (noting that an order directing expungement of arrest records violates the rights of entities ordered to expunge records, including the Central Repository, authorizing an appeal).

We find that the Central Repository is aggrieved by a judgment expunging an arrest record, and has standing to appeal pursuant to section 512.020. An order directing the Central Repository to destroy arrest records implicates the Central Repository's statutory responsibility to compile and disseminate complete and accurate criminal history records, and thus violates the direct legal interests of the Central Repository which "'has an interest in vindicating and upholding its official acts and procedures.'" *Jackson Cty. Bd. of Election Comm'rs*, 13 S.W.3d at 688 (quoting *Mo. Health Facilities Review Comm. v. Admin. Hearing Comm'n*, 700 S.W.2d 445, 448 (Mo. banc 1985)) (holding that the Missouri Ethics Commission was an aggrieved party under section 512.020 with standing to appeal an order or judgment implicating the laws it administers); *see also State ex rel. Hawley v. Pilot Travel Ctrs., LLC*, 558 S.W.3d 22, 31-32 (Mo. banc 2018) (holding that statutes enumerating the duties of the Board of Trustees of the Missouri Petroleum Storage Tank Insurance Fund afford the Board standing to bring actions to protect the ability to carry out the general administration of the Fund).

T.N.'s motion to dismiss this appeal is denied.

6

**Analysis**

The Central Repository's single point on appeal argues that the trial court committed legal error when it expunged T.N.'s 2016 arrest record. The Central Repository claims that because section 610.122 requires a petitioner to establish that he has no prior or subsequent misdemeanor or felony convictions, T.N. was statutorily ineligible to expunge his 2016 arrest record even though his 2011 misdemeanor speeding conviction had been expunged.

Resolution of the Central Repository's point on appeal requires us to construe section 610.122, which addresses the expungement of arrest records. "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). "When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions." *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012) (per curiam). "In ascertaining legislative intent, [a] statute should be read *in pari materia* with related sections, and the . . . statutes should be construed in context with each other." *Street v. Dir. of Revenue*, 361 S.W.3d 355, 358 (Mo. banc 2012).

Among other things, section 610.122.2 provides:[3]

A record of arrest shall only be eligible for expungement under this section if:

(1) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions . . . .

---

[3]The Central Repository does not challenge T.N.'s satisfaction of all other statutory requirements for expunging his 2016 arrest record.

7

The Central Repository argues that the plain language of section 610.122.2(1) renders T.N. ineligible to expunge his 2016 arrest record because he had a prior misdemeanor conviction. T.N. asserts that the plain language of section 610.122.2(1) does not render him ineligible because at the time he filed a petition seeking to expunge his 2016 arrest record, he no longer had a prior conviction because the 2011 misdemeanor speeding conviction had been expunged.

Section 610.122.2(1) uses the phrase "has no prior or subsequent . . . convictions" to describe one eligibility requirement for expunging an arrest record. The word "has" is the present tense, third person singular of the word "have." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1036 (2002). Section 610.122.2(1) thus refers to whether a petitioner has a prior or subsequent conviction in the present tense--that is, at the time the petition seeking expungement is filed.

When T.N. filed a petition to expunge his 2016 arrest record, his 2011 misdemeanor speeding conviction had already been expunged pursuant to section 610.140.[4] Section 610.140.8 describes the effect of expungement of a conviction:

> The order [of expungement] shall not limit any of the petitioner's rights that were restricted as a collateral consequence of such person's criminal record, and such rights shall be restored upon issuance of the order of expungement. Except as otherwise provided under this section, the effect of such order shall be to restore such person to the status he or she occupied prior to such arrests, pleas, trials, or convictions as if such events had never taken place.

---

[4]Though it is not clear from the record the date on which T.N.'s 2011 misdemeanor speeding conviction was expunged, the record strongly suggests this occurred shortly before T.N. filed the petition to expunge his arrest record on July 23, 2018. We assume, therefore, that the version of section 610.140 which controlled the expungement of T.N.'s misdemeanor conviction is the version that became effective on January 1, 2018. However, it is not imperative to our analysis to know which version of section 610.140 controlled the expungement of T.N.'s conviction. The subsections of section 610.140 that are relevant to our analysis in this Opinion did not materially change between the version of section 610.140 which took effect on August 28, 2012, and the version of section 610.140 which took effect on January 1, 2018, save a change in subsection numbering.

8

Section 610.140.8 expressly prohibits reliance on an expunged conviction to limit rights previously restricted as a collateral consequence of the conviction. And section 610.140.8 expressly directs that previously restricted rights "***shall be restored*** upon issuance of the order of expungement." (Emphasis added.) "'Shall' means 'shall.' It unambiguously indicates a command or mandate. To suggest any other meaning is to ignore the plain language of the statute." *Frye v. Levy*, 440 S.W.3d 405, 408 (Mo. banc 2014).

Pursuant to section 610.122.2(1), a collateral consequence of T.N.'s 2011 misdemeanor speeding conviction was the restriction of T.N.'s ability to expunge his 2016 arrest record. Pursuant to section 610.140.8, expungement of T.N.'s 2011 misdemeanor speeding conviction eliminated this collateral consequence, and restored T.N.'s right to seek to expunge his 2016 arrest record as a matter of law. In other words, a combined reading of section 610.140.8 and section 610.122.2(1) requires us to conclude that when T.N. filed his petition to expunge his 2016 arrest record, he did not have a prior misdemeanor or felony conviction.

The Central Repository disagrees and argues that expungement of the 2011 misdemeanor speeding conviction merely limited public access to T.N.'s conviction records without eliminating the conviction itself. The Central Repository notes that section 610.140.8 is subject to express exceptions which permit an expunged conviction to be used to a petitioner's detriment, demonstrating that a "conviction" remains a conviction after expungement, though the record of conviction is not publicly available. The Central

9

Repository relies on these exceptions to argue that T.N. still "has" a conviction that renders him ineligible to expunge his 2016 arrest record pursuant to section 610.122.2(1).

The Central Repository's argument disregards the plain language of section 610.140.8, which states that the effect of an expungement order is to "restore such person to the status he or she occupied prior to such arrests, pleas, trials, or convictions *as if such events had never taken place*." (Emphasis added.) "'When interpreting a statute, this Court must give meaning to every word or phrase of the legislative enactment.'" *State ex rel. Jackson v. Dolan*, 398 S.W.3d 472, 479 (Mo. banc 2013) (quoting *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010)). "Courts never presume that our legislature acted uselessly and should not construe a statute to render any provision meaningless." *Caplinger v. Rahman*, 529 S.W.3d 326, 332 (Mo. App. S.D. 2017) (en banc). To give effect to the words used in section 610.140.8, the question is not whether a conviction still exists, in the technical sense, after it is expunged. Instead, the proper question is how a conviction can be used once expunged. Section 610.140.8 resolves this question by expressing in plain terms the legislature's intent to restore rights collaterally impacted or limited as if an expunged conviction never occurred. *See, e.g.*, *State v. Merritt*, 467 S.W.3d 808, 811, 815-16 (Mo. banc 2015) (holding that section 571.070.1(1), which criminalizes the knowing possession of a firearm by a person who has been convicted of a felony, would "not apply to felony convictions that have been pardoned or expunged").

It is true that the legislature's intent to restore rights as if an expunged conviction never occurred is subject to limitation by the phrase "*[e]xcept as otherwise provided under this section*." Section 610.140.8 (emphasis added). The phrase "except as otherwise

10

provided" underscores, however, that in the absence of an *express* statutory exception, an expunged conviction is intended to be a legal nullity insofar as its collateral effect on the rights of a petitioner.

The Central Repository points to express exceptions that appear in section 610.140, including section 610.140.8 (which permits an expunged conviction to be considered as a prior offense in determining the sentence to be imposed for any subsequent conviction), and section 610.140.9 (which requires disclosure of an expunged conviction in connection with licensure, certificate, or permit applications to practice in a profession, or with respect to certain employment applications). These exceptions are of no relevance in this case, however.

The Central Repository also points to the exception which appears in section 610.140.12:

> A person may be granted more than one expungement under this section provided that during his or her lifetime, the total number of offenses, violations, or infractions for which orders of expungement are granted to the person shall not exceed the following limits:
>
> (1) Not more than two misdemeanor offenses or ordinance violations that have an authorized term of imprisonment; and
>
> (2) Not more than one felony offense.
>
> A person may be granted expungement under this section for any number of infractions. Nothing in this section shall prevent the court from maintaining records to ensure that an individual has not exceeded the limitations of this subsection. ***Nothing in this section shall be construed to limit or impair in any way the subsequent use of any record expunged under this section of any arrests or findings of guilt by a law enforcement agency, criminal justice agency, prosecuting attorney, circuit attorney, or municipal prosecuting attorney, including its use as a prior offense, violation, or infraction***.

11

(Emphasis added.) Focusing on the emphasized language, the Central Repository argues that the trial court had an obligation to use T.N.'s expunged conviction record to establish that he had a "prior offense" which disqualified him from expunging the 2016 arrest record pursuant to section 610.122.2(1).

We disagree. The emphasized language in section 610.140.12 must be read in the context of the subsection within which it appears. *BASF Corp.*, 392 S.W.3d at 444 ("When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions."). Subsection 610.140.12 prevents a person from perpetually "refreshing" by limiting the total number of expungements that can be secured. In this same vein, the subsection's permitted use of expunged records by law enforcement or criminal justice agencies to establish a prior offense, violation, or infraction appears intended to prevent a person from avoiding consequences (such as the enhancement of charges or sentences, for example) should the person commit subsequent offenses. *But see Merritt*, 467 S.W.3d at 815 (holding that an expunged felony conviction could not be relied on to later charge a person with unlawful possession of a firearm). The use of an expunged conviction by law enforcement or criminal justice agencies for this purpose is distinguished, however, from a petitioner's right to be relieved of the collateral consequences of an earlier conviction by having previously limited rights restored. We conclude that a limit on one's right to take advantage of the arrest expungement procedures described in section 610.122 is not within the parameters of section 610.140.12.

12

Once T.N.'s 2011 misdemeanor speeding conviction was expunged, he no longer had a prior conviction for purposes of section 610.122.2(1). The trial court did not commit legal error by entering its Judgment expunging T.N.'s 2016 arrest record.

Point denied.

## Conclusion

The trial court's Judgment is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur