

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DAWN WARREN-COOK,                      )
                                       )
              Respondent,              )
                                       )
v.                                     )    WD85927
                                       )
MISSOURI DEPARTMENT OF                 )    Opinion filed:  April 9, 2024
PUBLIC SAFETY, ERNIE RHODES            )
AND TODD FARLEY,                       )
                                       )
              Appellants.              )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE COTTON WALKER, JUDGE**

Division Three:  Mark D. Pfeiffer, Presiding Judge,
Lisa White Hardwick, Judge and W. Douglas Thomson, Judge

Ernie Rhodes ("Rhodes") and Todd Farley ("Farley") (collectively, "Appellants") appeal the amended judgment of the Circuit Court of Cole County ("trial court") following a jury verdict in favor of Dawn Warren-Cook ("Warren-Cook") on her section 105.055 whistleblower claims against Rhodes and Farley.[1]

---

[1] All statutory citations are to RSMo (2016), as currently updated.  We note that section 105.055 was amended in 2018, while the action was still pending.  However, the relevant portion of that statute dealing with the award of reasonable attorney fees (section 105.055.7(4)), was not affected substantively by the amendment.

Appellants raise a single point on appeal, challenging the application of a 1.5 multiplier to an award of attorney's fees to Warren-Cook. For the reasons discussed herein, we affirm, remanding only for the determination of the reasonable attorney's fees and costs on appeal to be awarded to Warren-Cook.

**Factual and Procedural History**

Prior to her termination in July of 2017, Warren-Cook was employed by the Missouri Department of Public Safety ("DPS") in the State Emergency Management Agency ("SEMA"). At that time, Rhodes was the Director of SEMA, and Farley was Warren-Cook's DPS supervisor. In August of 2017, Warren-Cook commenced this action against DPS, Rhodes, and Farley, alleging violations of the public employee whistleblower statute, section 105.055, and the Missouri Human Rights Act ("MHRA"). The action proceeded to trial in July of 2022, where a jury found against Rhodes and Farley on Warren-Cook's whistleblower claims and awarded Warren-Cook $85,000 in compensatory damages. All other claims were found in favor of Rhodes; no other claim against Farley was submitted to the jury. In accordance with the jury's verdict, the trial court entered a judgment for Warren-Cook in the amount of $85,000 on her whistleblower claims, plus post-judgment interest accruing at a 7.5% rate. Prior to the conclusion of trial, Warren-Cook abandoned her whistleblower claim against DPS. All other claims were found in favor of DPS.

On September 3, 2022, Warren-Cook filed a timely Motion to Amend Judgment to Award Attorneys' Fees and Costs. The motion calculated a lodestar

2

amount of $381,320,[2] and requested the application of a 1.5 multiplier to said amount, for a total attorney's fees request of $571,980. Submitted with the motion were several exhibits, including time records, taxable costs, costs of litigation, affidavits from Warren-Cook's attorneys, and affidavits from three other Missouri attorneys who practice in the area of employment law. A hearing on the motion was held on October 17, 2022. Thereafter, the trial court entered an amended judgment in favor of Warren-Cook on her whistleblower claims against Rhodes and Farley in the amount of $85,000, and awarded attorney's fees in the amount of $571,980, taxable costs in the amount of $5,128.62, and other costs of litigation in the amount of $6,413.68 for a total judgment of $668,252.30, plus post-judgment interest at a rate of 8.25%.

Appellants appeal. Additional facts will be provided below, as necessary.

## Standard of Review

We review the trial court's award of attorney's fees for an abuse of discretion. *Alhalabi v. Mo. Dep't of Corr.*, 662 S.W.3d 180, 194 (Mo. App. W.D. 2023). "A trial court abuses its discretion when its decision is against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* (citations omitted). "We deem the trial court an expert on fees in a given case due [to] the court's familiarity with all issues in the case and the

---

[2] "'The "lodestar" is the starting point in determining reasonable attorneys' fees.'" *Alhalabi v. Mo. Dep't of Corr.*, 662 S.W.3d 180, 194 n.6 (Mo. App. W.D. 2023) (quoting *Harrison v. Harris-Stowe State Univ.*, 626 S.W.3d 843, 860 n.5 (Mo. App. E.D. 2021)). To determine the lodestar, the trial court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Id.*

character of the legal services rendered." *Gray v. Mo. Dep't of Corr.*, 635 S.W.3d 99, 105 (Mo. App. W.D. 2021) (citation omitted). "'We presume an award of attorney's fees to be correct, and the complaining party has the burden to prove otherwise.'" *Id.* (quoting *Hill v. City of St. Louis*, 371 S.W.3d 66, 81 (Mo. App. E.D. 2012)).

### Analysis

Before considering the point on appeal, this court must determine whether we have jurisdiction over the parties. The right to appeal is established by section 512.020(5), which provides in relevant part, "Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited . . . may take his or her appeal to a court having appellate jurisdiction from any: . . . [f]inal judgment . . . ." Thus, "[a] party must be 'aggrieved' by the judgment below to have any right to appeal." *Schroff v. Smart*, 120 S.W.3d 751, 754 (Mo. App. W.D. 2003) (citation omitted). As previously stated, prior to the conclusion of trial Warren-Cook abandoned her whistleblower claim against DPS, and all other claims against DPS were found in its favor. Because of this, DPS is not an aggrieved party and lacks standing to appeal. *See Parker v. Swope*, 157 S.W.3d 350, 352-53 (Mo. App. E.D. 2005). Counsel for Appellants conceded this during argument. Accordingly, we dismiss DPS as a party to this appeal.

In their sole point on appeal, Appellants claim trial court error in the application of a 1.5 multiplier to the initial, lodestar amount of attorney's fees awarded to Warren-Cook. They contend Warren-Cook "failed to establish her

4

entitlement to that multiplier, in that her application for fees does not provide any factual basis to support the trial court's finding that taking this case precluded her attorneys from accepting other employment that would have been less risky." Appellants make no challenge to the lodestar amount or the calculation thereof. Accordingly, we are simply tasked with determining whether the trial court abused its discretion in applying the 1.5 multiplier in this case based on Appellants' allegation that there was no evidence of foregone, "less risky" employment, and that same is required.

"Missouri follows the American Rule, which provides that parties bear the expense of their own attorney's fees in the absence of statutory authorization or contractual agreement." *Alhalabi*, 662 S.W.3d at 194 (citation omitted). For whistleblowing claims, section 105.055.7(4) authorizes an award of "reasonable attorney fees" to a complainant. Following the determination of the lodestar amount, trial courts may consider whether enhancement of that amount by "a multiplier [is] necessary to ensure a market fee that compensated . . . counsel for taking [the] case in lieu of working less risky cases on an hourly basis." *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 433 (Mo. banc 2013).

To assist trial courts in this assessment of a multiplier's applicability, the Missouri Supreme Court has provided certain guidelines. In *Berry*, our Supreme Court first clearly stated that, in determining whether to apply a multiplier to the lodestar amount, a trial court "should avoid awarding a multiplier based upon facts that it considered in its initial determination of the lodestar amount." *Id.* at 432

(citation omitted). The Court then identified three factors the trial court had used that were not duplicative of the factors used in the initial *Berry* lodestar determination: (1) "[t]he fee to be received by . . . counsel was always contingent," (2) "[t]aking this case precluded . . . counsel from accepting other employment that would have been less risky" and (3) "[t]he time required by the demands of preparing this cause for trial delayed work on . . . counsel's other work." *Id.* at 432-33 (alterations in original). The Court determined these three factors "support the application of a multiplier and demonstrate there was no abuse of discretion." *Id.* at 432.

In arguing Warren-Cook failed to establish her entitlement to the multiplier, Appellants refer only to the second *Berry* factor, contending it alone lacks the necessary factual basis for support.[3] Specifically, Appellants assert that the

---

[3] Appellants also include a separate, yet brief, argument that the amended judgment reflects the application of the multiplier, but fails to "include a separate finding that a lodestar multiplier was appropriate." Appellants assert this was error, and cite *Berry* in arguing that "[a]n application of a multiplier requires a separate finding from the court, because the Court should not base an award of a multiplier based on facts it considered in its determination of the lodestar amount." Initially, we note this argument is not made part of their point relied on. *See 66, Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 584 (Mo. App. E.D. 2003) ("Rule 84.04(e) limits the argument under each point to those errors included in the point relied on. Accordingly, we determine only those questions set out in the point." (internal citations omitted)).

Regardless, we cannot consider it, as Appellants have failed to preserve it for appellate review. Rule 78.07(c) provides, "In all cases, allegations of error relating to *the form or language of the judgment, including the failure to make statutorily required findings, must* be raised in a motion to amend the judgment in order to be preserved for appellate review." (Emphasis added). Here, Appellants complain about the amended judgment's lack of specific findings concerning the appropriateness of applying the multiplier, but *never* did they raise that issue with the trial court in a motion to amend the judgment as required by Rule 78.07(c). "[W]here the [Appellants] contend[] that the court's failure to explain itself via more specific findings rendered its ruling an abuse of

6

documentation submitted with Warren-Cook's application for attorney's fees failed to demonstrate that the cases rejected by her attorneys presented less risk than her case. Appellants thus conclude that by lacking this requisite factual foundation for the second factor, "at most, Warren-Cook satisfied two of the factors and at least three are required under *Berry*[,]" thereby rendering the trial court's ruling arbitrary and unreasonable. We disagree.

Appellants' exact argument, that all three *Berry* factors must be satisfied to support the application of a multiplier, has recently been rejected by our Eastern District. In *Kelley v. Dep't of Corr.*, 679 S.W.3d 69 (Mo. App. E.D. 2023), the Missouri Department of Corrections ("DOC") similarly challenged the application of a 1.5 multiplier to an award of attorney's fees to Kelley by arguing that "Kelley's application for attorneys' fees did not provide any factual basis to support the trial court's finding that taking [the] case precluded Kelley's attorneys from accepting other employment that would have been less risky." *Id.* at 86-87. In so arguing, the DOC interpreted *Berry* as Appellants do here, that is, as making all three *Berry* factors mandatory for a multiplier to be applied. *Id.* at 88. There, the Eastern District rejected this reading of *Berry*, stating "the only clear rule adopted in *Berry* with respect to applying a multiplier is that a trial court should 'avoid awarding a

---

discretion, we think it incumbent upon the [Appellants] to have requested more specific findings pursuant to Rule 78.07(c) and long-established precedent." *Gray*, 635 S.W.3d at 107 (citing *Estate of Overbey v. Chad Franklin Nat'l Auto Sales N., LLC*, 361 S.W.3d 364, 370 n.2 (Mo. banc 2012)). "Simply arguing that the court failed to explain the award is insufficient where the opportunity to obtain a more thorough explanation was available through a Rule 78.07(c) motion." *Id.* at 108.

multiplier based upon facts that it considered in its initial determination of the lodestar amount.'" *Id.* (quoting *Berry*, 397 S.W.3d at 432). The *Kelley* court went on to hold:

> [T]he foregoing three factors were not held to be strict requirements or elements requiring the absence of any one element to preclude the application of a multiplier. Rather, reading *Berry* (and its progeny)[] in proper context, we believe that each case should be decided on a case-by-case basis, with due regard given to the three aforementioned factors relied upon by the trial court in *Berry*. *See also Zweig v. Metro. St. Louis Sewer Dist.*, 412 S.W.3d 223, 249-50 (Mo. banc 2013) (recognizing that "*Berry* analyzed – and affirmed – the trial court's use of a multiplier under Missouri's time-tested abuse of discretion standard[")]. Therefore, we reject a reading of *Berry* whereby these three factors are deemed requirements, as the [DOC] suggests.

*Id.* (footnote omitted). The Eastern District ultimately concluded that the trial court had not abused its discretion in applying the 1.5 multiplier "where there was certainly evidence before the court consistent with *two of the three factors* set forth in *Berry*." *Id.* at 89 (emphasis added).

We agree with *Kelley*, and find its holding persuasive here. Not only does *Kelley* undermine Appellants' interpretation of *Berry*, it dispenses with Appellants' point on appeal as Appellants *concede* that two of the three *Berry* factors were satisfied here. Indeed, per *Kelley*, satisfaction of all three *Berry* factors are *not* deemed requirements in order to find it was not an abuse of discretion for the trial court to apply a 1.5 multiplier.

Nevertheless, as stated in *Kelley*, "each case should be decided on a case-by-case basis, with due regard given to the three aforementioned factors relied upon by the trial court in *Berry*." *Id.* at 88 (citation omitted). Accordingly, we address

8

the merit of each *Berry* factor, and find Appellants' point on appeal still fails, as Warren-Cook provided a factual basis to support all three of the *Berry* factors. As evidenced by the time records and affidavits submitted with Warren-Cook's Motion to Amend Judgment, trial counsel expended hundreds of hours over five years litigating Warren-Cook's case, all on a contingent fee basis. The evidence also demonstrates counsel delayed work on other cases due to the demands of Warren-Cook's case. Indeed, Warren-Cook's lead trial counsel stated in her affidavit that "[a]t no time since March 2017 when this firm agreed to represent Ms. Warren-Cook has there been any lack of work from other sources for the attorneys that worked on this case." She stated further:

> 13. I have a practice that includes representation of individuals, primarily university faculty members, who have employment issues with their employer that do not result in litigation – these usually involve administrative proceedings before university panels or other administrators. These cases pay by the hour. *Because of the work necessary to prepare for trial in this matter, I have had to decline or delay work on these hourly cases to properly prosecute this case.*
>
> 14. *Because of the time commitment required to adequately represent Ms. Warren-Cook, this office was forced to reject other potential fee generating cases and postpone work on other pending cases.*

(Emphasis added). This was supported by other affidavits submitted with the motion, which indicated that the attorneys were required to delay work on other cases due to Warren-Cook's case. Accordingly, the evidence is clearly consistent with the two unchallenged *Berry* factors.

Lastly, and contrary to Appellants' claim, the evidence also revealed that trial counsel *was* precluded from accepting other, less risky employment by taking

9

on Warren-Cook's case. We note that Appellants overlook the inherent riskiness of Warren-Cook's case due to the contingent fee nature of her attorney's representation. By accepting representation on this basis, "[Warren-Cook's] counsel thereby assumed the risk of receiving no compensation for the time invested or reimbursement for expenses advanced if [Warren-Cook's] claim did not succeed." *Zweig*, 412 S.W.3d at 250; *see also Terpstra v. State*, 565 S.W.3d 229, 252 (Mo. App. W.D. 2019) (affirming judgment that, in finding a multiplier of 1.5 was appropriate, "reasoned that, in working on this type of public interest case on a contingent fee basis, Terpstra's counsel took the risk of not prevailing and endured the delay of payment for his services until the conclusion of litigation"). And, per counsel's affidavit, counsel pursued this risky case for Warren-Cook in lieu of other less risky hourly work "declined" by counsel.[4]

With this in mind, a comparison to the other types of cases trial counsel was forced to decline reveals such work was less risky. As stated above, lead trial counsel's affidavit stated her practice also involves *hourly-basis* representation of university faculty members with employment issues that result in *administrative proceedings rather than litigation*. Such employment is clearly less risky than Warren-Cook's contingent fee basis litigation, in that the hourly-paid work could be billed and collected at regular intervals by counsel, regardless of the outcome of the administrative proceedings. And, the record evidences that trial counsel was

---

[4] Indeed, lead trial counsel argued at the hearing that "[t]his is a contingency fee matter, and so Plaintiff's attorneys receive no compensation up until this point when we have won the trial and fees are awarded under the law."

precluded from accepting this less risky employment due to Warren-Cook's case. Lead trial counsel stated so in her affidavit and argued similarly at the hearing on the motion, asserting "that hourly-paying work had to be turned down in order for [her] to pursue this case through trial." Other affidavits submitted with the motion further indicated that the attorneys were prevented from accepting other employment or fee-generating work due to Warren-Cook's case. Accordingly, it is clear the trial court received sufficient evidence to find that this challenged factor was also supported. As such, the trial court's application of the 1.5 multiplier was supported by the evidence and was not an abuse of discretion.[5]

Appellants' sole point on appeal is denied.

---

[5] Appellants also attempt to assert a policy argument, claiming a fee multiplier in "routine employment cases" such as this "encourage[s] unmeritorious [section] 105.055 lawsuits and runs contrary to what *Berry* intended[.]" We are unpersuaded by such assertions. Fee multipliers have been upheld in several, recent employment cases. *See Alhalabi*, 662 S.W.3d at 196-97 (1.5 multiplier); *Terpstra*, 565 S.W.3d at 251-52 (1.5 multiplier); *Gray*, 635 S.W.3d at 105-08 (1.5 multiplier); *Kelley*, 679 S.W.3d at 87-89 (1.5 multiplier). Similarly, and notably, lead trial counsel stated at the hearing that in 2021, she had tried a section 105.055 case in which a 1.5 multiplier had been awarded. Such awards are consistent with the intent of *Berry*, given section 105.055 seeks to "protect[] public employees", *Spurlock v. City of Columbia*, 670 S.W.3d 151, 155 (Mo. App. W.D. 2023) (quoting *Richest v. City of Kansas City*, 643 S.W.3d 610, 613 (Mo. App. W.D. 2022)), and allows the award of costs and reasonable attorney fees alongside actual damages. Section 105.055.7(4). *Cf. Berry*, 397 S.W.3d at 433 (in dealing with Missouri Merchandising Practices Act claims, the Court recognized the "fundamental purpose" of the MMPA is the "protection of consumers," and that "[t]he legislature granted discretion to the trial court to award, 'in addition to damages, injunction or other equitable relief and reasonable attorney's fees'" (quoting *Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. banc 2009); section 407.020; section 407.025)).

**Motion for Attorney's Fees and Costs on Appeal**

Before submission of this case, Warren-Cook filed a motion with this court for an award of reasonable attorney's fees and costs incurred on appeal.[6]  As stated above, section 105.055.7(4) authorizes an award of "all or a portion of the costs of litigation, including reasonable attorney fees" to a complainant.  And, "[a]s with the similarly worded fee-shifting provisions of the [MHRA], we conclude that [section] 105.055.7(4)'s authorization of an award of fees '"includes fees incurred on appeal from the trial court's judgment."'"  *Halderman v. City of Sturgeon*, 670 S.W.3d 193, 214 (Mo. App. W.D. 2023) (quoting *Washington v. Sioux Chief Mfg. Co.*, 662 S.W.3d 60, 80 n.7 (Mo. App. W.D. 2022)).

We are thus authorized to award Warren-Cook her reasonable attorney's fees and costs on appeal, and we do so here, given that Warren-Cook has successfully defended her judgment against Appellants on appeal.

> "While appellate courts have the authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested."

*Alhalabi*, 662 S.W.3d at 197 (quoting *Berry*, 397 S.W.3d at 433).  After due consideration, Warren-Cook's motion for attorney's fees and costs on appeal is

---

[6] Pursuant to our Special Rule 29, "[a]ny party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this Court has jurisdiction to consider, must file a separate written motion before submission of the cause."

granted. We remand the case to the trial court to determine the amount of the award of reasonable attorney's fees and costs to her.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. DPS is dismissed as a party to this appeal. The case is remanded to the trial court for the sole purpose of determining Warren-Cook's reasonable attorney's fees and costs for this appeal.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.